# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

SHERRY ADAMS, Individually and as
proposed Class Representative,

       Plaintiff,

v.                                                                        No. CIV 03-603 BB/LFG

STATE OF NEW MEXICO, ET AL.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court for consideration of Plaintiff's request for a temporary restraining order ("TRO") and preliminary injunction (Doc. 2).  The Court has considered Plaintiff's submission and the applicable law, and for the reasons stated below will deny Plaintiff's request.

Plaintiff's claims are based on two major assertions:  (1) Officer White should have advised Plaintiff of possible collateral consequences of her admission of guilt, prior to allowing her to execute the "penalty assessment box" on the traffic citation form; and (2) the State of New Mexico is constitutionally required to provide an avenue for Plaintiff, after the fact, to challenge the voluntariness of her admission of guilt.  Plaintiff provided no specific authority for either proposition, and at this point the Court disagrees with both.[1]  There is no constitutional requirement that the collateral consequences of a plea be explained, prior to accepting a guilty

_____

[1]The Court's current opinion, based necessarily on limited research, given the urgency created by a request for preliminary injunctive relief, should not be construed as a prejudgment of the issues.  Should Plaintiff provide convincing argument or authority contradicting the Court's position, the Court will have no difficulty adopting or applying that authority.

plea.  *United States v. Vadner*, 160 F.3d 263, 264 (1st Cir. 1998); *United States v. Williams*, 104

F.3d 213, 216 (8th Cir. 1997); *United States v. Del Rosario*, 902 F.2d 55, 59-60 (D.C. Cir.

1990).  This principle has also been applied to the lesser consequences arising from a plea in a

traffic-offense case.  *See, e.g., Sherwood v. State*, 372 S.E.2d 677, 678-79 (Ga.App. 1988)

(rejecting defendant's argument that his plea was not voluntary because he was unaware he could

be declared a habitual violator and have his license suspended); *State v. Madison*, 353 N.W.2d

835, 840-41 (Wis.App. 1984) (holding, and citing a number of cases for the proposition, that a

traffic offender need not be advised of the possible collateral consequences of his guilty plea); *see*

*also  Harris v. Allen*, 929 F.2d 560, 562 (10th Cir.1991) (defendant not constitutionally entitled

to be advised of possible collateral consequences of conviction, such as forfeiture, prior to

acceptance of plea).  This would appear to be especially true where, as here, the collateral

consequences of the guilty plea will be imposed not by the state but by a private entity, Plaintiff's

employer.  At this point, therefore, the Court finds Plaintiff has not established a substantial

likelihood of success on the merits of her first constitutional claim.

Plaintiff's second claim is an argument that she has a constitutional right to attempt to

revoke her guilty plea, by showing it was involuntary.  She maintains the state has violated her

constitutional rights by failing to provide an avenue for such an attempt.  The Court was unable to

find any authority directly on point, concerning revocation of guilty pleas.  However, the Court

notes it is clear there is no constitutional right to appeal a conviction.  *See United States v.*

*Eggert*, 624 F.2d 973, 974 (10th Cir. 1980) (right to appeal in criminal cases is statutory; there is

no constitutional right to such appeal); *see also McKane v. Durston*, 153 U.S. 684 (1894)

(Supreme Court case establishing this proposition).  If there is no constitutional right to appeal in

a criminal case, it is difficult to discern why there would be a constitutional right to attack a

conviction in other ways, such as allowing a convicted traffic offender to attempt to show that her

plea was involuntary.[2]   Furthermore, the only bases for Plaintiff's claim that her plea was

involuntary are the statement that Officer White engaged in unspecified "rash behavior" when

executing the traffic stop, and Officer White's failure to inform Plaintiff of possible serious

collateral consequences of a guilty plea.  The former contention is too vague to have any merit,

and the latter contention also appears to be without merit, as discussed above.  At this point,

therefore, it does not seem that the failure to provide Plaintiff with an avenue to challenge her

admission of guilt caused her any prejudice, as her challenge would have been unsuccessful.  Both

because it does not appear there is a constitutional right to attack a guilty plea in a traffic-offense

case, and because it appears Plaintiff's challenge to her plea would necessarily have failed, the

Court will find Plaintiff has not established a substantial likelihood of success on the merits of this

claim.

    As Plaintiff acknowledges, one of the prerequisites for issuance of a TRO or preliminary

injunction is a showing of a substantial likelihood of success on the merits.  *Kikumura v. Hurley*,

242 F.3d 950, 955 (10th Cir.2001).  For the reasons discussed above, Plaintiff has failed to make

such a showing.  The Court will therefore deny Plaintiff's request for a TRO or preliminary

injunction.

---

    [2]The Court is not considering or addressing the possibility that a constitutional avenue of
attacking a conviction, such as a writ of habeas corpus, might be available to some offenders.  The
Court is stating only that it does not appear the Constitution *requires* that a means of challenging
a conviction be provided, in situations where a writ of habeas corpus may not be appropriate.

## ORDER

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that Plaintiff's

request for a TRO or preliminary injunction (Doc. 2) be, and hereby is, DENIED.

Dated this 27th day of May, 2003.


_____
BRUCE D. BLACK
United States District Judge


**ATTORNEYS**:

**For Plaintiff**:
Dennis W. Montoya