IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

SHERRY ADAMS, Individually and as proposed Class Representative,

        Plaintiff,

v.                                                      No. CIV 03-603 BB/LFG

STATE OF NEW MEXICO, and its subsidiaries: the Motor Vehicle Division of the New Mexico Taxation and Revenue Department; and the New Mexico State Police Department of the Department of Public Safety, and JONATHAN WHITE, a New Mexico State Police Officer, in his individual capacity,

        Defendants.

## MEMORANDUM OPINION
## ON
## MOTION TO DISMISS

        **THIS MATTER** is before the Court on *Defendants' Motion to Dismiss* [#13] filed May 29, 2003, and Plaintiff having failed to respond, the Court being duly advised, finds the motion well supported and the case will be dismissed with prejudice.

### *Discussion*

        Defendants filed their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and D.N.M. LR-Civ. 7. The Court finds the motion should be granted on both grounds. Local Rule 7.1(b) provides *inter alia* that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed

for doing so constitutes consent to grant the motion." Plaintiff filed no response to Defendants' motion and therefore has consented to Defendants' Motion To Dismiss.

Additionally, Defendants' motion should be granted on the merits.

Plaintiff's claims are based on two major assertions: 1) Officer White should have advised Plaintiff of possible collateral consequences of her admission of guilt, prior to allowing her to execute the "penalty assessment box" on the traffic citation form; and 2) the State of New Mexico is constitutionally required to provide an avenue for Plaintiff, after the fact, to challenge the voluntariness of her admission of guilt. Plaintiff provided no specific authority for either proposition, and the law is contrary.

There is no constitutional requirement that the collateral consequences of a plea be explained, prior to accepting a guilty plea. *United States v. Vadner*, 160 F.3d 263, 264 (5th Cir. 1998); *United States v. Williams*, 104 F.3d 213, 216 (8th Cir. 1997); *United States v. Del Rosario*, 902 F.2d 55, 59-60 (D.C. Cir. 1990). This principle has been specifically applied to the lesser consequences arising from a plea in a traffic-offense case. *See also Harris v. Allen*, 929 F.2d 560, 562 (10th Cir. 1991) (defendant not constitutionally entitled to be advised of possible collateral consequences of conviction, such as forfeiture, prior to acceptance of plea); *State v. Madison*, 353 N.W.2d 835, 840-41 (Wis. App. 1984) (traffic offender need not be advised of the possible collateral consequences of his guilty plea); *People v. Forbes*, 743 N.Y.S.2d 676 (City Ct. 2002) (court not required to inform defendant guilty plea would result in license suspension);

*Sherwood v. State*, 372 S.E.2d 677, 678-79 (Ga. App. 1988) (rejecting defendant's argument that his plea was not voluntary because he was unaware he could be declared a habitual violator and have his license suspended). This principle would appear to be especially applicable where, as here, the collateral consequences of the guilty plea will be imposed not by the state but by a private entity, Plaintiff's employer.

Plaintiff's second claim is an argument that she has a constitutional right to attempt to revoke her guilty plea, by showing it was involuntary because of her ignorance of the consequences. She maintains the state has violated her constitutional rights by failing to provide an avenue for a plea withdrawal. The Due Process Clause does not guarantee a defendant the right to alter or withdraw a plea. *Robtoy v. Kincheloe*, 871 F.2d 1478, 1481-2 (9th Cir. 1989). It is, therefore, within the court's discretion whether to permit a defendant to withdraw a plea. *United States v. Underwood*, 174 F.3d 850, 852 (7th Cir. 1999); *United States v. Brewster*, 137 F.3d 853, 857 (5th Cir. 1998); *United States v. Wicker*, 80 F.3d 263 (8th Cir. 1996).

Based on the above analysis, Plaintiff's complaint fails to state a legitimate legal claim and should be Dismissed. An appropriate order will be entered.

                                                         _____
                                                         **BRUCE D. BLACK**
                                                         **United States District Judge**

**For Plaintiff:**

    Dennis W. Montoya, Albuquerque, NM

**For Defendants:**

    David Tourek, Peggy Wikle, New Mexico Attorney General's Office, Santa Fe, NM