IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

SHERRY ADAMS, Individually and as
proposed Class Representative,

        Plaintiff,

v.                                                    No. CIV 03-603 BB/LFG

STATE OF NEW MEXICO, and its
subsidiaries: the Motor Vehicle Division
of the New Mexico Taxation and Revenue
Department; and the New Mexico State
Police Department of the Department of
Public Safety, and JONATHAN WHITE,
a New Mexico State Police Officer, in his
individual capacity,

        Defendants.

## MEMORANDUM OPINION
## AND
## ORDER DENYING RULE 59 MOTION

A RULE 59(E) MOTION shall be filed no later than ten days after entry of the judgment.  *See* Fed. R. Civ. P. 59(E).  The Court's order was entered on August 6, 2003, but Plaintiff waited until Tuesday, August 19, 2003, to file her Rule 59(E) motion.  Since it was filed more than ten days after the entry of the Court's order, Plaintiff's Rule 59(E) motion is untimely and must be Denied. *Martin v. Wainwright*, 469 F.2d 1072 (5th Cir. 1972); *Kerry Coal Co. v. United*

*Mine Workers of America*, 488 F. Supp. 1080 (W.D. Pa. 1980), *aff'd*, 637 F.2d 957 (3d Cir. 1981).

Plaintiff also seeks to argue the Court should open its prior judgment to allow Plaintiff to amend her complaint to challenge the officer's failure to warn her of direct, rather than collateral, consequences. Rule 59 is not a devise to allow a party to present its case under a new theory. *Milwee v. Peachtree Cypress Inv. Co.* 510 F. Supp. 284 (E.D. Tenn. 1978), *aff'd*, 644 F.2d 885 (6th Cir. 1981); *Greengrass Enter., Inc. v. Rotfeld*, 83 F.R.D. 159 (E.D. Pa. 1979).

Finally, even if Plaintiff's motion was timely and within the intent of Rule 59, the Court doubts its merit. The Court has already twice provided Plaintiff with legal authority in support of the ruling that she has failed to allege a constitutional violation, and Plaintiff now merely argues that one of the cases from New York cited in the Court's ruling is distinguishable. Plaintiff fails to address the other substantial federal and state case law contained in the Court's two memorandum opinions. Nor does Plaintiff present cases directly supporting her position in a similar factual setting.

### O R D E R

For the above stated reasons, Plaintiff's *Motion to Set Aside Judgment and To Grant Plaintiff Leave to Amend* [#24] is DENIED.

**DATED this 31st day of October, 2003.**

**BRUCE D. BLACK**
**United States District Judge**

**For Plaintiff:**
   Dennis W. Montoya, Albuquerque, NM
**For Defendants:**
   David Tourek, Peggy Wikle, New Mexico Attorney General's Office, Santa Fe, NM